# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFANY L. (HAYES) AGUAYO, (691) et al., <br><br> Plaintiff, <br><br> vs. <br><br> KEN SALAZAR, Secretary of the Department of Interior - United States of America; LARRY ECHO HAWK, Assistant Secretary of the Department of Interior- Indian Affairs - United States of America; AMY DUTESCHKE, Regional Director Dept. Of Interior Indian Affairs, Pacific Regional Office; and ROBERT EBEN, Superintendent of the Department of Interior Indian Affairs, Southern California Agency, in their official capacity; and DOE Defendants, 1 through 10, inclusive, <br><br> Defendant. | CASE NO. 12cv00551-WQH-KSC <br><br> ORDER |

HAYES, Judge:

The matter before the Court is the Ex Parte Application for Temporary Restraining Order. (ECF No. 2).

## I.     Procedural Background

On March 5, 2012, Plaintiffs initiated this action by filing the Complaint. (ECF No. 1). On March 5, 2012, Plaintiffs filed an Ex Parte Application for Temporary Restraining Order (ECF No. 2), Supplemental Briefing on the Motion for Temporary Restraining Order (ECF No. 10), and a Motion for Preliminary Injunction (ECF No.7).

On March 8, 2012, the Court held a hearing on the Ex Parte Application for Temporary Restraining Order. Counsel for Defendants appeared at the hearing, although Defendants had not been served with the Summons and Complaint. Plaintiffs' counsel also appeared. At the hearing, Defendants contended that this Court lacks subject matter jurisdiction. The Court requested briefing.

On March 13, 2012, Defendants filed an Opposition to the Ex Parte Application for Temporary Restraining Order. (ECF No. 13). On March 14, 2012, Plaintiffs filed a Reply. (ECF No. 15). On March 21, 2012, the Court heard oral argument.

On March 21, 2012, Plaintiffs filed Supplemental Briefing. (ECF No. 19). On March 26, 2012, Defendants filed a Reply. (ECF No. 22).

## II. Background

In the Complaint, Plaintiffs allege that they are federally recognized tribe members of the Pala Band of Mission Indians ("Pala Band"). Plaintiffs allege in the Complaint that they are descendants of Margarita Britten who was identified on the Pala Band allotment roll in 1913 as 4/4 degree Pala Indian. Plaintiffs allege that on February 3, 2012, the Pala Band Executive Committee "acted outside the scope of their governing authority" by terminating their individual tribal membership rights and benefits. (ECF No. 1 at 3). Plaintiffs allege that they "are still tribal members until they are officially removed from the federally approved roll and until they have exhausted their appeal through the administrative process. The [Department of the Interior] and the [Bureau of Indian Affairs] has a fiduciary duty to protect them and preserve the status quo." *Id*. at 4.

Plaintiffs allege that on February 21, 2012, Plaintiffs filed a "Notice of Appeal from the Pala Band of Mission Indian's Executive Committee's February 3, 2012 Decision to Terminate Appellants' Tribal Membership" with the Regional Director of the Bureau of Indian Affairs - Pacific Regional Office. In the appeal, Plaintiffs allege that the letter informing Plaintiffs that their membership was terminated did not state the factual or legal basis for the action in violation of their due process rights provided by the Indian Civil Rights Act. Plaintiffs allege that the Pala Band is organized under Articles of Association which state that membership

shall consist of all living decedents of a person on the allotment rolls with at least 1/16 degree of Indian blood, and that the Bureau of Indian Affairs has the final decision on enrollment matters. Plaintiffs allege that a 1997 Constitution, which purports to give the Pala Band General Council the authority over termination of membership, was never properly approved by a majority of voters in a duly called election. Plaintiffs allege that Margarita Britten's blood quantum was decided in 1989 by the Bureau of Indian Affairs and the Pala Band is collaterally estopped from challenging the agency's final decision.

Plaintiffs allege that on February 21, 2012, Plaintiffs filed a "Request to Take Immediate Action to Preserve the Status Quo" with the Assistant Secretary of Indian Affairs - Department of Interior, Defendant Larry Echo Hawk.[1] In the Request to Take Immediate Action, Plaintiffs allege that they "will suffer immediate and irreparable harm and request immediate action to restore their status quo and tribal membership benefits while their appeal of the Pala Band's Executive Committee's ultra vires actions are pending review by the Bureau of Indian Affairs." (ECF No. 1-4 at 3). Plaintiffs identify the "irreparable harm caused by the [Executive Committee's] action" as including "loss of [Plaintiffs'] tribal membership rights and benefits of being federally approved members of the [Pala Band] effective immediately ...." *Id*.

In the Request to Take Immediate Action, Plaintiffs request that "pursuant to the Department of Interior and Bureau of Indian Affairs' fiduciary responsibility, [the Assistant Secretary] take immediate steps and all government-to-government action necessary to restore the [Plaintiffs'] status quo while their appeal is pending administrative agency review." *Id*. at 4. Plaintiffs allege that the federal government has a duty to protect individual tribe members from their tribal government. Plaintiffs allege that the Indian Civil Rights Act requires disenrollment to be conducted with due process and equal protection under the laws. Plaintiffs allege that Plaintiff Annalee Trujillo was removed from her elected office on the Pala Band's Executive Committee so the Pala Band "is not acting through its official elected government."

---

[1] The Secretary of the Interior has delegated authority over Indian affairs to the Assistant Secretary of the Bureau of Indian Affairs. See 25 U.S.C. § 1a.

*Id.* at 6. Plaintiffs assert that "the need for intervention is urgent" and they request "that official action to restore their status quo as federally acknowledged tribal members be taken immediately and/or at most within 10 days from the receipt of this Request to Take Action ...." *Id.* at 4.

To date, Defendant Echo Hawk has not responded to the Request to Take Immediate Action.

The Complaint assert claims: (1) for "preliminary injunctive relief to require the Department [of Interior] and [the Bureau of Indian Affairs] to take all action to restore the status quo while agency review is pending"; and (2) for "declaratory relief that the [Pala] Band's [1997] Constitution was never ratified by election and, as a result, the [Bureau of Indian Affairs] has been delegated final review of the enrollment issue."[2] (ECF No. 1 at 8, 13).

On March 5, 2012, Plaintiffs filed the Motion for Temporary Restraining Order. Plaintiffs seek an injunction as follows:

> 1. That Assistant Secretary Echo Hawk, the BIA's officers, agents, or employees, and attorneys, must take no action to remove Plaintiffs from the federally approved roll <u>until</u> review pursuant to the Administrative Procedures Act, and Plaintiffs' appeal of the Band's governing documents and the Band's disenrollment terminating Plaintiffs' tribal membership on February 3, 2012, is fully exhausted.
>
> 2. That Assistant Secretary Echo Hawk is ordered to issue an interim Order to take all action to restore the status quo and ensure that Plaintiff tribal members' full benefits of tribal membership are restored until Plaintiffs' appeal is fully exhausted.
>
> 3. That the Department of Interior and Assistant Secretary Echo Hawk is ordered to issue an interim Order and to take all steps necessary including government- to-government relations to require the Pala Band of Mission Indians (the "Band") to pay Plaintiffs their per capita income until Plaintiffs' appeal is fully exhausted.

---

[2] The Complaint states, "Although Plaintiffs may ultimately seek declaratory relief pending review of the issue [the validity of the Pala Band's Constitution] by the [Bureau of Indian Affairs], Plaintiffs ask that this cause of action be preserved and stayed pending a 'final' decision from the BIA in Plaintiffs' case ...." (ECF No. 1 at 14); *see also* (ECF No. 15 at 18). Plaintiffs do not asserted that this Court has jurisdiction pursuant to the February 3, 2012 appeal pending before the Regional Director.

> 4. That Assistant Secretary Echo Hawk is Ordered to issue an interim Order and to take all steps necessary to enforce the right of Plaintiffs to the health care benefits, or alternatively, an Interim Order from the Assistant Secretary that Plaintiffs shall have access to the Indian Health Care services until Plaintiffs' appeal is fully exhausted.

(Proposed Order at 2).

## III.  Discussion

When the nonmovant has received notice, as here, the standard for issuing a temporary restraining order is the same as that for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.,* 240 F.3d 832, 839 n.7 (9th Cir. 2001). The party seeking preliminary injunctive relief must show either "(1) a combination of likelihood of success on the merits and the possibility of irreparable harm, or (2) that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of the moving party." *Homeowners Against the Unfair Initiative v. Calif. Building Industry Assoc.*, Civil No. 06CV152 JAH (WMc), 2006 WL 5003362 at *2 (S.D. Cal. Jan. 27, 2006) (citing *Immigrant Assistance Project of the L.A. County of Fed'n of Labor v. INS*, 306 F.3d 842, 873 (9th Cir. 2002)); *see also Winter v. NRDC*, 555 U.S. 7, 20 (2008). "[T]hese two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." *Dep't Parks & Rec. of Calif. v. Bazaar Del Mundo, Inc.*, 448 F.3d 1118, 1123 (9th Cir. 2006) (citations omitted). "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a *clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original) (quotation omitted).

As the moving party, Plaintiff has the burden to establish a likelihood of success on the merits and the possibility of irreparable harm, or that serious questions going to the merits are raised and the balance of hardships tips sharply in favor of Plaintiff. *See Immigrant Assistance Project of the L.A. County of Fed'n of Labor*, 306 F.3d at 873.

### A.  Likelihood of Success on the Merits

Plaintiffs allege in the Complaint that "[t]his Court has jurisdiction over this action

pursuant to [the Mandamus Act at] 28 U.S. C. § 1361 to compel an officer or employee of the United States or any agency thereof to perform a duty owed to Plaintiffs." *Id*. Although Plaintiffs identified the Mandamus Act at 28 U.S.C. § 1361 as the source of this Court's jurisdiction in the Complaint, Plaintiffs rely on the Administrative Procedures Act ("APA") as the source of subject matter jurisdiction for this case. *See* (ECF No. 15 at 16) ("Plaintiffs have not replied to the Defendants' argument [that mandamus does not provide a basis for jurisdiction] because the mandamus and venue act is unnecessary to decide this case. Plaintiffs have an adequate remedy available under the [APA]."); *see also Starbuck v. City and County of San Francisco,* 556 F.2d 450, 458 n.18 (9th Cir. 1977) ("[The Mandamus Act] does not provide an independent ground for jurisdiction."); *Smith v. Grimm*, 534 F.2d 1346, 1352 n.9 (9th Cir. 1976) ("The mandamus statute, 28 U.S.C. s 1361, is not a consent to suit by the sovereign.").

Plaintiffs allege in the Complaint that they filed a Request to Take Immediate Action with the Assistant Secretary of the Bureau of Indian Affairs, and the Assistant Secretary failed to respond within 10 days as required by 25 C.F.R. § 2.8. Plaintiffs contend that the failure to act on the Request to Take Immediate Action constitutes final agency action subject to judicial review under the APA. Plaintiffs contend that the Bureau of Indian Affairs has a fiduciary duty to protect the rights of individual tribe members and has failed to protect their tribal membership benefits while the Plaintiffs' appeal is pending.

Defendants contend that 25 C.F.R. § 2.8 provides for internal appeals of Bureau of Indian Affair decisions and does not provide a basis for waiver of sovereign immunity under the APA. Defendants contend that there is no final agency action to review in this case because the Bureau of Indian Affairs has not failed to perform a discrete agency action that it was required to perform. Defendants contend that the Bureau of Indian Affairs' duty to manage Indian affairs and act in the best interest of tribes and their members does not constitute a discrete agency action waiving sovereign immunity under the APA.

### 1.     Final Agency Action

In order to proceed with their claim against the Defendants under the APA, Plaintiffs

must establish waiver of sovereign immunity. 5 U.S.C. §§ 702, 704; *see also Rattlesnake Coalition v. U.S. Environmental Protection Agency*, 509 F.3d 1095, 1103 (9th Cir. 2007). "The APA's comprehensive provisions for judicial review of 'agency actions,' are contained in 5 U.S.C. §§ 701-706." *Heckler v. Chaney*, 470 U.S. 821, 828 (1985). 5 U.S.C. § 551(13) provides: "[A]gency action includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, or failure to act." *Id*. The "failure to act, is ... properly understood as a failure to take an agency action-that is, a failure to take one of the agency actions (including their equivalents) earlier defined in § 551(13)." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004).

The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. "When ... review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'" *Lujan v. National Wildlife Federation*, 497 U.S. 871, 882 (1990) (quoting 5 U.S.C. § 704); *see also Indep. Petroleum Ass'n of Am. v. Babbitt*, 235 F. 3d 588, 594 (D.C. Cir. 2001) ("[T]he requirement of a final agency action is considered jurisdictional. If the agency action is not final, the court ... cannot reach the merits of the dispute."). In *Fairbanks North Star Borough v. U.S. Army Corps of Engineers*, 543 F.3d 586 (9th Cir. 2008), the Court of Appeals explained: "As a general matter, two conditions must be satisfied for agency action to be final: First, the action must mark the consummation of the agency's decision making process - it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow." *Id*. at 591 (quoting *Bennett v. Spear,* 520 U.S. 154, 177-78 (1997)).

The Department of Interior provides a process for filing an appeal from the inaction of an official in 25 C.F.R. § 2.8 as follows:

> (a) A person or persons whose interests are adversely affected, or whose ability to protect such interests is impeded by the failure of an official to act on a request to the official, can make the official's inaction the subject of appeal, as follows:

>     (1)   Request in writing that the official take the action originally asked of him/her;
>
>     (2)   Describe the interest adversely affected by the official's inaction, including a description of the loss, impairment or impediment of such interest caused by the official's inaction;
>
>     (3)   State that, unless the official involved either takes action on the merits of the written request within 10 days of receipt of such request by the official, or establishes a date by which action will be taken, an appeal shall be filed in accordance with this part.
>
> (b)  The official receiving a request as specified in paragraph (a) of this section must either make a decision on the merits of the initial request within 10 days from receipt of the request for a decision or establish a reasonable later date by which the decision shall be made....  If the official, within the 10-day period specified in paragraph (a) of this section, neither makes a decision on the merits of the initial request nor establishes a later date by which a decision shall be made, the official's inaction shall be appealable to the next official in the process established in this part.

25 C.F.R. § 2.8.

In this case, Plaintiffs filed a "Notice of Appeal from the Pala Band of Mission Indian's Executive Committee's February 3, 2012 Decision to Terminate Appellants' Tribal Membership" on February 21, 2012, with the Regional Director of the Bureau of Indian Affairs - Pacific Regional Office. On that same day, Plaintiffs filed a "Request to Take Immediate Action to Preserve the Status Quo" with the Assistant Secretary of Indian Affairs - Department of Interior, Defendant Echo Hawk. 25 C.F.R. § 2.8, in relevant part, provides that "[a] person ... whose interests are adversely affected ... by the failure of an official to act on a request to the official, can make the official's inaction the subject of appeal ... [by r]equest[ing] in writing that the official take the action *originally asked of him/her*..." Plaintiffs have failed to show that there was any prior request to Defendant Echo Hawk to form a basis for the Request to Take Immediate Action. The Request to Take Immediate Action does not request that Defendant Echo Hawk take any action *originally* asked of him. The Court finds that Plaintiffs' Request to Take Immediate Action did not meet the requirements of 25 C.F.R. § 2.8 because the initial request was made to the Regional Director and was not made to Defendant Echo

Hawk. Defendant Echo Hawk was not required to "make a decision on the merits of the *initial* request within 10 days from receipt of the request for a decision ...." 25 C.F.R. § 2.8(b). Plaintiffs have not complied with the requirements of 25 C.F.R. § 2.8.

A plaintiff must exhaust administrative remedies prior to receiving judicial review. "[N]o one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *McKart v. United States*, 395 U.S. 185, 193 (1969) (quoting *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938)). "[F]ederal courts may not assert jurisdiction to review agency action until the administrative appeals are complete." *White Mountain Apache Tribe v. Hodel*, 840 F.2d 675, 677 (9th Cir. 1988) (citation omitted).

Plaintiffs contend that they exhausted their administrative remedies citing *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920 (10th Cir. 1994) for the proposition that the failure of the Assistant Secretary to act on the Request to Take Immediate Action amounts to exhaustion of Plaintiffs' administrative remedies because there is no higher authority for Plaintiffs to direct an appeal. In *Coosewoon*, Plaintiffs were parties to a lease for oil and gas production on restricted Indian land under which Plaintiffs were to receive royalty payments. *Id.* at 923. The Secretary of the Interior gave certain required approval for the lease. *Id.* Plaintiffs did not receive the royalty payments that they were entitled to and filed suit in district court requesting an order requiring the United States to institute lease cancellation proceedings. *Id.* at 924. The district court dismissed the claim which requested an order requiring the United States to institute lease cancellation proceedings without prejudice for failure to exhaust administrative remedies. Plaintiffs conceded that they failed to apply to the Secretary for lease cancellation as required by 25 C.F.R. § 212.23, but argued that the district court could cancel the lease by finding that the "Secretary is satisfied that the provisions of the lease or of any regulations heretofore or hereafter prescribed have been violated." *Id.* (citing 25 CFR § 212.23). The Court of Appeal for the Tenth Circuit stated:

> Consistent with the exhaustion requirement, the Secretary has instituted an administrative procedure by which a party may challenge the Secretary's inaction concerning a particular issue. Under this procedure, a party may request that the Secretary take

> action on a particular matter, *see* 25 C.F.R. § 2.8(a), and the Secretary must respond within ten days of receipt of the request by either issuing a decision on the merits of the request or establishing a later date by which a decision shall be made, *see id.* § 2.8(b). If no decision is rendered, the Secretary's inaction becomes final for purposes of judicial review because the Secretary is the highest authority within the agency. *See id.* § 2.8(b); *see also* 25 C.F.R. § 2.6(a).

*Id.* at 925. The Court of Appeal for the Tenth Circuit affirmed the dismissal for failure to exhaust administrative remedies on the grounds that "Plaintiffs' complaint is with the Secretary's failure to act to cancel the lease. The Department of Interior has provided Plaintiffs with an administrative remedy concerning this inaction regarding lease cancellation; as a result, we hold Plaintiffs must exhaust this remedy before seeking judicial review." *Id.*

In this case, the Court does not find that *Coosewoon* stands for the proposition that an individual can bypass the requirement to properly exhaust administrative procedures by filing a single demand for immediate action with the highest agency authority. The Court finds that Plaintiffs have failed to exhaust their administrative remedies because they failed to properly utilize the appeals process provided by the Department of Interior. The Court concludes that the failure of the Assistant Secretary to respond to Plaintiffs' Request to Take Immediate Action filed pursuant to 25 C.F.R. § 2.8 was not a final agency action subject to appeal pursuant to the APA and that Plaintiffs have failed to properly exhaust their administrative remedies.

### 2.     **Legally Required Agency Action**

"[T]he only agency action that can be compelled under the APA is action legally required." *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 63 (2004); *see also* 5 U.S.C. § 706 ("The reviewing court shall compel agency action unlawfully withheld or unreasonably delayed."). "[A] claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a discrete agency action that it is required to take." *Norton,* 542 U.S. at 64.

In this case, Plaintiffs seek an order as follows:

> [preventing Defendants from] tak[ing any] action to remove Plaintiffs from the federally approved roll until review pursuant to the Administrative Procedures Act, and Plaintiffs' appeal of the Band's

> governing documents and the Band's disenrollment terminating Plaintiffs' tribal membership on February 3, 2012, is fully exhausted,... [and requiring Defendants] to issue an interim Order to ... ensure that Plaintiff tribal members' full benefits of tribal membership are restored until Plaintiffs' appeal is fully exhausted ,... issue an interim Order and to take all steps necessary including government-to-government relations to require the Pala Band of Mission Indians (the "Band") to pay Plaintiffs their per capita income until Plaintiffs' appeal is fully exhausted ,... [and] issue an interim Order ... to enforce the right of Plaintiffs to the health care benefits....

(Proposed Order at 2).

It is well established that Indian tribes are sovereign political entities that possess the exclusive right to develop their own laws and govern their own internal affairs. *See Williams v. Lee*, 358 U.S. 217, 223 (1959). However, a tribe can relinquish its right to determine its membership to the Bureau of Indian Affairs. *See Adams v. Morton*, 581 F.2d 1314, 1320 (9th Cir. 1978) ("unless limited by treaty or statute, a tribe has the power to determine tribal membership"); *Timbisha Shoshone Tribe v. Kennedy*, 687 F. Supp. 2d 1171, 1185 (E.D. Cal. 2009) ("Internal matters of a tribe are generally reserved for resolution by the tribe itself, through a policy of Indian self-determination and self-government…. Unless surrendered by the tribe, or abrogated by Congress, tribes possess an inherent and exclusive power over matters of internal tribal governance.").

Plaintiffs assert that the Bureau of Indian Affairs is required to take the actions requested in the Ex Parte Application for Temporary Restraining Order pursuant to Ordinance No. 1 of the Articles of Association for the Pala Band. In this case, the Pala Band is a federally recognized sovereign tribal nation which was organized under Articles of Association in 1960. Ordinance No. 1 to the 1960 Articles of Association provides that a person who is denied membership in the tribe by the tribal executive committee may appeal that decision to the Secretary of the Department of the Interior, and the "decision of the Secretary on an appeal shall be final and conclusive ...." (ECF No. 1-7 at 44).

In 1997, the Pala Band adopted a new Constitution. Ordinance No. 1 to the 1997 Constitution provides that "[e]very person who is an enrolled member of the Pala Band ... shall remain an enrolled member unless ... [the individual] is removed from the membership roll [as provided by the section on reevaluation of membership applications]." (ECF No. 1-8 at 21).

1  The section on reevaluation of membership applications provides that "[a]ny decision of the
2  executive committee that the member's name should be removed from the roll shall be subject
3  to the affected member appealing that decision as specified herein." *Id*. at 22. An individual
4  may file an appeal with the Pacific Regional Director who "shall review the decision of the
5  executive committee ... and make a recommendation to the executive committee as to whether
6  it should uphold or change its decision...." *Id*. at 23. "Within thirty days of receipt of the
7  recommendation of the Director, the executive committee shall meet and consider that
8  recommendation and make a final decision on the appeal of decision. The decision of the
9  executive committee shall be final." *Id.*

10  Plaintiffs assert that the Pala Band's 1997 Constitution was never properly adopted;
11  therefore, the 1960 Articles of Association remain in effect giving the Bureau of Indian Affairs
12  final decision making authority over tribe membership. The 1997 Constitution provides in part
13  that it "shall become effective immediately after its approval by a majority vote of the voters
14  voting in a duly-called elections [sic]...." (ECF No. 1-8 at 11). On November 19, 1997, the
15  Pala Band General Council certified that it passed Tribal Resolution No. 97-36 which states
16  that on November 12, 1997, "the Pala Band of Mission Indians, exercising [their] inherent
17  rights as a sovereign, federally recognized Tribe, [did] hereby adopt the Pala Tribal
18  Constitution to supersede the Articles of Association ...." *Id*. at 13. On July 26, 2000, the
19  Pacific Regional Office issued a Certificate of Approval regarding the Pala Band's adoption
20  of its 1997 Constitution. *Id*. at 16. The Certificate of Approval of the 1997 Constitution by
21  the Bureau of Indian Affairs was not appealed. While Plaintiffs are currently challenging the
22  validity of the 1997 Constitution in the February 3, 21012 appeal pending before the Regional
23  Director of the Bureau of Indian Affairs, the Bureau of Indian Affairs has not issued a final
24  order which is subject to judicial review regarding the validity of the 1997 Constitution.
25  Plaintiffs have not shown that the Bureau of Indian Affairs has the authority to bypass the 1997
26  Constitution and order membership decisions under the 1960 Articles of Association.

27  Ordinance No. 1 to the 1997 Constitution does not provide a deadline for the Bureau
28  of Indian Affairs to make its recommendation regarding tribal membership. Ordinance No.

1 to the 1997 Constitution provides the Bureau of Indian Affairs with the authority to make a recommendation to the Executive Committee and does not provide the authority to reinstate an individual's tribal membership during the appeal process. Plaintiffs have not shown that the Bureau of Indian Affairs failed to take any agency action that it was legally required to perform pursuant to the governing documents of the Pala Band.

Plaintiffs further assert that the Bureau of Indian Affairs is legally required to act to protect tribal members rights to due process and equal protection under the law. Generally, 25 U.S.C. § 2 provides the Bureau of Indian Affairs the authority for the "management of all Indian affairs and of all matters arising out of Indian relations." *Id*.; *see also Seminole Nation v. U.S.,* 316 U.S. 286, 296-97 (1942) ("[T]his Court has recognized the distinctive obligation of trust incumbent upon the Government in its dealings with [Indians]."); *Seminole Nation of Okla. v. Norton*, 223 F. Supp. 2d 122, 138-39 (D. D.C. 2002) (explaining that the Bureau of Indian Affairs has "a trust responsibility to administer the government-to-government relations between the United States and the Indian tribes."). "The Secretary of the Interior is charged not only with the duty to protect the rights of the tribe, but also the rights of individual members." *Milam v. United States Dep't of Interior*, 10 I.L.R. 3013, 3017 (1982).

Under the facts of this case, this Court cannot find that the Bureau of Indian Affairs is legally required to act to protect the membership rights of individual tribe members from the exercise of powers as provided in the tribal government documents. *See Milan, 10 ILR* T 3016 ("The doctrine of trust responsibility may not be used to invade the legitimate domain of tribal sovereignty. Thus, under its trust responsibility the BIA must respect, protect, and properly construe tribal constitutions." (citations omitted)). The Court does not find that the Bureau of Indian Affairs failed to take any action that it was legally required to perform in this case to protect the membership benefits of tribal members.

**B.     Irreparable Injury, Balancing of Hardships**, **Public Interest**

Plaintiffs have failed to show a likelihood of success on the merits. Plaintiffs have not shown a waiver of sovereign immunity and valid basis for the exercise of subject matter jurisdiction. "When ... a party has not shown any chance of success on the merits, no further

determination of irreparable harm or balancing of hardships is necessary." *Global Horizons, Inc. v. United States Dep't of Labor*, 510 F.3d 1054, 1058 (9th Cir. 2007) ("[T]his rule applies with equal force to the public interest."). A determination of irreparable harm, balancing of the hardships, or public interest is not necessary at this stage of the proceedings because the Court finds that Plaintiffs have failed to show a likelihood of success on the merits.

## IV. Conclusion

The Ex Parte Application for Temporary Restraining Order (ECF No. 2) is DENIED.

DATED: March 29, 2012

**WILLIAM Q. HAYES**
United States District Judge